G. H. GIBSON et al., Appellants, v. N. F. COLLINGS et al.,
Appellees.

**REPLEVIN: Writ—Belated Return—Effect.** A valid writ of replevin
is not rendered invalid *ab initio* because of the failure of the of-
ficer to make timely return of his doings thereunder.

Headnote 1:   34 Cyc. p. 1463 (Anno.)

*Appeal from Union District Court.*—H. H. CARTER, Judge.

OCTOBER 20, 1925.

ACTION at law for damages for trespass and the taking from
the possession of the plaintiffs a certain piano of the value of
$500, and a roll of currency amounting to $1,033, which was
concealed in said piano. Additional damages are claimed for
alleged expenses incurred by plaintiffs, arising out of the tres-
pass. Total damages are prayed for $3,900. The principal de-
fendant is Collings, the sheriff of Union County, where the tres-
pass is alleged to have been committed. His answer was a general
denial and an affirmative pleading that he took the piano in
question under a writ of replevin, and not otherwise. At the
close of the evidence, there was a directed verdict for the de-
fendants, and the plaintiffs appeal.—*Affirmed.*

*Hunt & Chittenden* and *C. T. Gibson,* for appellants.

*Higbee & McEniry* and *E. L. Carroll,* for appellees.

EVANS, J.—It appears from the record that an action of
replevin was brought in the district court of Union County by
one Early against both plaintiffs herein, and that such action
was pending at the time of the events herein complained of; that
a writ of replevin was duly sued out in said cause, and was
placed in the hands of defendant-sheriff for service, and was
duly served by him; that the defendant Weaver was a drayman,
who had been employed by plaintiff Early in such suit to re-

ceive the piano from the sheriff and to convey the same from the home of the plaintiffs herein to the town of Creston; that said Weaver did receive the piano, and did transport the same to the town of Creston, and did put the same in storage in such town. This replevin suit was prosecuted and judgment was entered therein in favor of plaintiff Early, and against the defendants therein, who are the plaintiffs herein. It was adjudged in such suit that Early was entitled to the possession of the property thus replevined. It is contended by the appellants here that the action of the sheriff in taking such piano was a mere trespass, because the writ of replevin in his hands was void and of no effect. The brief is not clear as to the ground upon which the nullity of the writ is predicated. The writ bore date December 15, 1921, and was executed the same day. It is pointed out that the return of such writ was due on or before January 23, 1922, and that such writ was not in fact returned on said date, but on a date long subsequent thereto. This appears to be the ground upon which appellants predicate their claim of nullity. No defect is pointed out in the form of the writ or in the circumstances of its issue. It was in no manner challenged at the trial of the replevin suit. Such trial was had after January 23, 1922, and before the writ was formally returned to the court. Whatever penalty the sheriff may have subjected himself to by reason of such default in the time of the return, we fail to see how such a default is available to the plaintiffs herein as a basis for their cause of action. Their cause of action accrued, if at all, on December 15, 1921. The writ was regular on its face and valid at that time, and the sheriff was under duty to execute it. The theory that the failure of the sheriff subsequently to file the return of his writ within the statutory date became effective to wholly destroy the validity of the writ *ab initio* is without merit. The return of the writ had in fact been made and filed long prior to the beginning of this suit, and the validity of such return was never assailed or questioned in the suit in which the writ issued.

As to the currency alleged to have been concealed in the piano, it is not claimed that either defendant had any knowledge thereof. On the contrary, plaintiff O. B. Gibson, who had joined with his coplaintiff in concealing the currency only a few

hours before the writ was served, was present at the taking of the piano, and gave some assistance to the removal thereof, but withheld all information concerning the concealed currency. The plaintiffs were allowed immediate opportunity to make search for the currency after they had made known the alleged concealment thereof. It is undisputed that the piano was put in storage, and that it had not been opened nor its covering disturbed at the time the search for the currency was made. No claim is made in the brief of appellants of any ground of liability of the defendants for such alleged currency, except upon the ground of the nullity of the writ of replevin. It follows that this branch of the appellants' claim falls with their claim for the piano.

The order of the trial court directing a verdict and entering judgment against the plaintiffs is accordingly affirmed.—
*Affirmed.*

FAVILLE, C. J., and ALBERT and MORLING, JJ., concur.