(No. 23816.—

THE PEOPLE *ex rel.* Lester Wakefield, Relator, *vs.* JOE E. MONTGOMERY, Respondent.

*Opinion filed February 18, 1937.*

MILO D. YELVINGTON, for relator.

OTTO KERNER, Attorney General, and A. B. DENNIS, for respondent.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The People, on the relation of Lester Wakefield, filed an original petition in this court for a writ of *habeas corpus* directed to Joe E. Montgomery, warden of the Illinois State Penitentiary at Menard, asking for the discharge of relator, who is imprisoned there under a *mittimus* from the circuit court of Jasper county. The issue presented was raised by respondent's motion to dismiss the petition.

Relator was convicted of statutory rape, but the jury by its verdict failed to fix the term of his imprisonment, as required by the Criminal Code. (38 S. H. A. 801; State Bar Stat. 1935, chap. 38, par. 795.) On May 1, 1935, the court entered judgment sentencing relator to the penitentiary for an indeterminate term of from one year to life. He contends that the court had no jurisdiction to enter a judgment sentencing him to the penitentiary, and that its judgment is therefore void. Respondent contends that the judgment is merely erroneous and is not reviewable by *habeas corpus*.

The writ of *habeas corpus* may not be used as a writ of error to review a judgment which may be erroneous but is not void. (*People* v. *Sullivan,* 363 Ill. 34, 39; *People* v. *Kelly,* 352 id. 567; *People* v. *Hazard,* 356 id. 448.) This rule goes to the extent, in such a proceeding, that no error of law or fact committed by the court can be reviewed or relieved against, leading up to the final judgment and sentence. The finding of the court upon every question of fact, including the question whether or not the evidence sustains the judgment and sentence, is absolutely conclusive and binding in *habeas corpus* proceedings, as are also all rulings of the court upon other questions of law—whether the same be in regard to the admissibility of evidence or the sufficiency or legality of the defendant's defense, whether general or special, or as to the validity of the statute under which he was prosecuted and sentenced, or as to whether

or not the statute had been repealed. (*People* v. *Hazard, supra; People* v. *Kelly, supra.*) The question before us is, Was the judgment void or merely erroneous?

*People* v. *Kelly, supra,* was an original *mandamus* action filed in this court to expunge an order entered by the criminal court of Cook county discharging a prisoner on *habeas corpus.* The prisoner had been convicted of armed robbery in the circuit court of Champaign county and sentenced to the penitentiary for life instead of for the indeterminate sentence provided by statute. The propriety of awarding the writ of *mandamus* depended on whether the judgment and sentence of the circuit court of Champaign county were void. In holding that they were not void but merely erroneous we said: "In determining whether or not an excessive sentence will render a judgment of conviction void so as to entitle a defendant to a release in a *habeas corpus* proceeding, the test is whether or not the sentence is of a different character than that authorized by law to be imposed for the crime of which the accused has been found guilty. If, upon a conviction for robbery, the committing court had sentenced the accused to be hanged, the judgment would be void because the penalty would be of a different character than the one fixed by the law. (*In re Fanton,* 55 Neb. 703, 76 N. W. 447; *Ex parte Burden,* 92 Miss. 14, 45 So. 1.) Under the provisions of the statute the circuit court of Champaign county had authority to impose upon the accused a sentence of imprisonment. The penalty imposed was not of a different character than that provided by the statute. The error consisted of fixing a definite term of imprisonment instead of an indeterminate one, as required by the statute. In *People* v. *Siman,* 284 Ill. 28, the defendant was accused of a misdemeanor. The trial court had jurisdiction to inflict either a fine or imprisonment within the limitations of the statute but did not have jurisdiction to impose both penalties. The defendant was sentenced to both fine and imprisonment. We said

that jurisdiction is not only the power of the court to hear and determine but also the power to render the particular judgment entered. The judgment there, as in the case at bar, was of the character that the court was authorized to impose, and we held that it was not void but merely excessive. The circuit court of Champaign county had jurisdiction of the subject matter and of the persons of the accused. The judgment was of the character authorized by the statute and therefore is not void." To the same effect, see, also, *Lowery* v. *Howard,* 103 Ind. 440, *Ex parte Tanner,* 219 Ala. 7, and *In re Casey,* 27 Wash. 686.

The *Kelly case* is in point here. It is conceded that the court had jurisdiction of the person of the relator and of the subject matter of the suit, but it is contended that the court had no jurisdiction to impose sentence without the jury having first fixed the term of imprisonment. The verdict of the jury is the basis upon which the judgment of the court is entered and is not the judgment of the court. If the verdict had been correct, judgment and sentence would still have been necessary. Had the relator waived a jury and been found guilty by the court and sentenced to an indeterminate sentence in the penitentiary the analogy to the *Kelly case* would be closer. The sentence would then be merely erroneous and not void. The relator's contention finally resolves itself to the point that the sentence is possibly excessive. The sentence to the penitentiary was not different in character from that which would have been imposed had the jury fixed the term of imprisonment in its verdict. The relator was entitled to be sentenced for a definite rather than an indefinite term, but the error is one that could have been corrected by writ of error and cannot be corrected by *habeas corpus.*

The relator is therefore remanded to the custody of the respondent. *Relator remanded.*