STATE EX. REL. WELLS, Appellant, vs. HANLEY, Sheriff, Respondent.

*April 7—May 13, 1947.*

*James W. Dorsey* of Milwaukee, for the appellant.

For the respondent there was a brief by the *Attorney General, William J. McCauley,* district attorney of Milwaukee county, and *Joseph S. Tierney,* deputy district attorney, and oral argument by *William A. Platz,* assistant attorney general.

RECTOR, J.   The issue presented is whether the detention of the relator under a fugitive warrant issued upon a complaint charging him with escape from the Alabama prison may be shown to be without legal basis by inquiring into the Alabama conviction and showing that it was void for jurisdictional errors committed during the trial.

There are references in the bill of exceptions to an extradition hearing before the governor, but no documents relating to such a hearing are to be found in the record.   Accordingly, there is no basis for a review of such proceedings.   That occasion could arise only in the event of a detention under a governor's warrant authorizing the arrest of a fugitive and his delivery to agents of the demanding state.

The function of the fugitive warrant under which the relator is detained is to provide for his arrest and detention pending the institution and conduct of an extradition proceeding.   Following the arrest the person held is brought before a judge or

magistrate and if his identity as the person charged with the crime is established and he is found to be a fugitive (except in cases where a person may be extradited though not a fugitive), he is committed pending extradition proceedings or until discharged, or he is admitted to bail. The relator appears to have been admitted to bail.

The function of the writ of *habeas corpus* is to inquire into jurisdictional defects amounting to want of legal authority for the detention of the person in whose behalf it is asked. *Kushman v. State ex rel. Panzer* (1942), 240 Wis. 134, 2 N. W. (2d) 862; *In re Ziegler* (1944), 245 Wis. 453, 15 N. W. (2d) 34.

The relator argues that the matters set forth in the petition for the writ with respect to the conduct of the trial at which he was convicted for arson, and which stand admitted, show that the Alabama court had no jurisdiction to sentence him to prison and that his imprisonment is void under the authority of *Johnson v. Zerbst* (1938), 304 U. S. 458, 58 Sup. Ct. 1019, 82 L. Ed. 1461; *State ex rel. Drankovich v. Murphy* (1946), 248 Wis. 433, 22 N. W. (2d) 540, and other such cases.

If this proceeding were instituted for the purpose of inquiring into the relator's detention in the Alabama prison, the cases would be in point. The warrant of imprisonment would be void and the writ would lie to release him. However, the purpose of the present inquiry is not to inquire into his detention under the Alabama warrant of imprisonment but rather to inquire into his detention here to answer for the crime of escape from the Alabama prison and the validity of the Alabama imprisonment has nothing to do with the validity of his detention in Wisconsin.

An inquiry on *habeas corpus* into detention of a person under a fugitive warrant cannot extend to his guilt or innocence of the crime with which he may be charged. The detention has nothing to do with the determination of guilt or innocence. It is but a step in a process by means of which guilt or innocence may eventually be determined by appropriate procedure look-

ing to that end. While the authorities seem to differ, Wells might be permitted to establish the invalidity of his commitment to the Alabama prison in defense of an Alabama prosecution for the escape with which he is charged, but it is a matter which does not bear upon the legality of his detention under the fugitive warrant.

By the Court.—Order affirmed.