# Ex parte CONWAY.

Writ of Certiorari
Denied May 25, 1953.

See 73 S. Ct. 955.

No. A-11744. April 8, 1953.

(256 P. 2d 189.)

Henry Conway, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J. This is a petition for writ of habeas corpus brought by Henry Conway, petitioner, in an unverified petition. Petitioner alleges that he is being unlawfully restrained of his liberty by the Honorable Jerome J. Waters, Jr., warden of the State Penitentiary at McAlester, Oklahoma. He says that his restraint is by reason of a certain judgment and sentence pronounced against him on May 18, 1951, in the district court of Seminole county, Oklahoma (a copy of which no where appears in this record), wherein he was adjudged guilty of the crime of forgery in the second degree, and sentenced to serve 6 years in the Oklahoma State Penitentiary.

In said petition he alleges that he has been denied his right to prove his innocence in court where the court refused to call as a witness Jesse Thomas, the person who supposedly gave the petitioner the $9 check therein involved. Petitioner alleges what are purported to be facts in support of his innocence, contending that he did not endorse the said check. Petitioner contends a check in the sum of $14.50 was used in the preliminary to hold him for trial but that said check was not used at petitioner's trial on the merits for the reason that it

had been established at the time that said check was given he was an inmate in the Colorado State Penitentiary. He further complains of the evidence of a handwriting expert and alleges that the said person was not qualified and that his evidence was incompetent. He further complains that the state used highly prejudicial evidence against him in connection with the trial upon the check herein involved. Furthermore, he alleges that he was not properly represented at his trial and the petitioner further questions the sufficiency of the evidence to sustain the conviction herein. He further alleges that he stood ready at all times to make the said alleged forged check good, and that if he were offered an opportunity he could prove his complete innocence in the court.

To the foregoing petition the Attorney General filed, by way of a response, a demurrer, alleging that the petition was insufficient to challenge the court's jurisdiction in habeas corpus. It appears that heretofore petition was made to this court for writ of habeas corpus by the petitioner Henry W. Conway and was decided against him in an opinion of this court as the same appears in Ex parte Conway, 84 Okla. Cr. 118, 179 P. 2d 699, wherein he challenged the sufficiency of the information upon which he was convicted. This petition was set for hearing on April 23, 1952, and no proof was offered in support of the unverified petition. It is therefore apparent that the petition is insufficient to challenge the jurisdiction of this court since it is insufficient to establish the lack of jurisdiction of the trial court of the subject matter, of the person and of authority to pronounce the judgment and sentence rendered. It has been repeatedly held by this court that where the trial court had such jurisdiction the writ of habeas corpus will be denied. Ex parte Hackett, 93 Okla. Cr. 82, 225 P. 2d 184. In Ex parte Gower, 92 Okla. Cr., 315, 223 P. 2d 154, and numerous other cases it has been held that the guilt or innocence of the petitioner is not a matter that may be inquired into by habeas corpus. Ex parte Jones, 92 Okla. Cr. 443, 224 P. 2d 280; Nelson v. Burford, Warden, 92 Okla. Cr. 224, 222 P. 2d 382; Ex parte Tidwell, 92 Okla. Cr. 263, 222 P. 2d 760. Furthermore, it has been held that habeas corpus may not serve as a substitute for appeal. Ex parte Hackett, supra; Ex parte Critser, 87 Okla. Cr. 380, 198 P. 2d 228; Tilghman v. Burns, Sheriff, 91 Okla. Cr. 359, 219 P. 2d 263; Ex parte Bibbins, 89 Okla. Cr. 196, 206 P. 2d 242; and in Ex parte Whitson, 70 Okla. Cr. 79, 104 P. 2d 980, 981, wherein it was said:

"It is elementary law that in habeas corpus proceedings jurisdictional questions only are reviewable or to be considered."

The trial court was not without jurisdiction to determine the issues herein involved and did nothing which would cause it to lose jurisdiction. Ex parte Simmons, 96 Okla. Cr. 279, 252 P. 2d 935. Moreover, in Ex parte Gower, supra, it was said:

"We are of the opinion that an unverified petition for habeas corpus with allegations such as are herein set forth, there being no certified copy of the information or judgment and sentence of the lower court attached to the petition, is insufficient to question the validity of the commitment by which the person is incarcerated in the penitentiary."

By reason of the foregoing conditions and things the petition for habeas corpus is insufficient, the demurrer to the petition is sustained, and the petition is accordingly dismissed.

POWELL, P. J., and JONES, J., concur.