No. 19,308.

JAMES VALENTINE *v.* HARRY C. TINSLEY, WARDEN, ETC.

(351 P. [2d] 825)

Decided May 9, 1960.   Rehearing denied May 23, 1960.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN F. BRAUER, assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error, hereinafter referred to as peti-

tioner, filed a petition for a writ of habeas corpus in the District Court of El Paso County, "specifically" addressed to Hon. Austin Hoyt, one of three judges of that district. The writ having been denied he is here on writ of error. It definitely appears from the record and briefs that this is the third time petitioner has sought relief by way of habeas corpus from a sentence imposed after his conviction of the crime of aggravated robbery.

The burden of petitioner's argument is that he was entitled to a hearing to determine certain facts preliminary to his conviction, which facts he contends entitle him to the writ.

Nowhere in this petition does he challenge the jurisdiction of the court which tried him on the charge of aggravated robbery, nor does he claim that the sentence imposed was contrary to that prescribed by the statute upon conviction of the crime with which he was charged. It is manifest, even to the casual reader of our decisions, that habeas corpus can only be invoked to determine whether the original court had jurisdiction and whether the sentence imposed is within the limits of the statute involved. *Rivera v. People,* 128 Colo. 549, 265 P. (2d) 226; *Freeman v. Tinsley,* 135 Colo. 62, 308 P. (2d) 220. Several of the matters alleged by petitioner as grounds for the writ can only be raised by a writ of error directed to the original judgment. Habeas corpus may not be used as a substitute for writ of error in circumstances such as those presented here, where the jurisdiction of the trial court in the original case is admitted and where the sentence imposed is within the statutory limits. *Best v. People,* 121 Colo. 100, 212 P. (2d) 1007.

C.R.S. '53, 65-1-1, specifically provides that the court to which the application for a writ of habeas corpus is made is directed to summarily deny it without a hearing if "it shall appear from the petition itself or from the documents annexed that the party can neither be discharged nor admitted to bail, nor in any other manner relieved; * * *"

Petitioner having sought no review of his original conviction, and having failed to seek review upon the denial of his two previous applications for the writ and the present application being the same as his two previous petitions, except that it is addressed "specifically" to another judge of the same district court, is in no position at this time to complain that he is illegally confined and restrained of his liberty. It is obvious that Judge Hoyt, being a recently appointed judge of the Fourth Judicial District, was appealed to by petitioner in the hope that the relief sought and denied by other judges of the same court, would be granted.

It being uncontroverted that the trial court in the original proceedings had jurisdiction of the defendant and of the offense charged, and that the sentence imposed was within statutory limits, nothing remained for Judge Hoyt to consider and his denial of the writ was correct.

The judgment is affirmed.