373 P.2d 716

**Frank EYMAN, Superintendent of Arizona State Prison, Appellant,**

v.

**Sam DEUTSCH, Appellee.**

No. 6933.

Supreme Court of Arizona.

July 27, 1962.

Robert W. Pickrell, Atty. Gen., Wade Church, formerly Atty. Gen., and Leslie C. Hardy, Chief Asst. Atty. Gen., for appellant.

Chandler, Tullar, Udall & Richmond, Tucson, for appellee.

UDALL, Vice Chief Justice.

This is an appeal by Frank Eyman, superintendent of the state prison, from an

order and judgment granting the petition of Sam Deutsch (hereinafter referred to as defendant) for a writ of habeas corpus, and from an order discharging the defendant from confinement in the Arizona State Prison.

The facts are that in Cause No. 31616 and in Cause No. 31621 in the Superior Court of Maricopa County the defendant, with his co-defendant Crosby G. Holden, was charged with criminal conspiracies under A.R.S. § 13–331. It is alleged that the defendant and Holden conspired, combined and confederated to commit the crime of grand theft by false and fraudulent representations. The defendant pleaded guilty to Count III in Cause No. 31616 and to Count II in Cause No. 31621 and, on the 20th day of October 1958, was sentenced to serve a term of one year on each count, to run consecutively. Defendant's co-defendant Holden stood trial and on the 8th day of October 1958 was acquitted under Count II in Cause No. 31621.

Defendant, having served the period of his punishment under Count III contends that he was entitled to be discharged from custody on Count II because of the acquittal of his co-defendant thereunder. He also contends that his sentence on Count II of Cause No. 31621 was and is void and that he should be discharged by operation of law since his alleged co-conspirator was acquitted.

The superintendent contends that the defendant cannot make a collateral attack on the judgment and sentence made by the Superior Court of Maricopa County; that the Superior Court of Pinal County did not have jurisdiction to issue the writ of habeas corpus; that the Superior Court of Maricopa County had and retained at all stages of the proceedings jurisdiction of the person and subject matter in the action; that the judgment and sentence was at most voidable and not void; that the judgment for writ of habeas corpus cannot be invoked by the Superior Court of Pinal County to review the judgment and sentence of the Superior Court of Maricopa County, and that the acquittal of the co-defendant Holden did not absolve the defendant from a plea of guilty by operation of law. These assignments of error are without merit.

■ The issues raised by the appeal are: (1) May the judgment and commitment of the Superior Court of Maricopa County be collaterally attacked by a petition for a writ of habeas corpus filed in the Superior Court of Pinal County? (2) Did the Superior Court of Maricopa County have jurisdiction to enter its judgment and sentence? And (3), does the acquittal of a co-conspirator operate as an acquittal of the other co-conspirator who has pleaded guilty to the same conspiracy?

In this case the crime of conspiracy is involved [1] and the defendant concedes that the petition for a writ of habeas corpus constitutes a collateral attack upon the judgment of the Superior Court of Maricopa County. Defendant asserts, however, that habeas corpus is a proper remedy where the judgment is void for lack of jurisdiction. In Oswald v. Martin, 70 Ariz. 392, 396, 222 P.2d 632, 635 (1950), we quoted the following with approval:

"The sole question involved is that of jurisdiction * * .* that is, the question as to whether the court had jurisdiction of the person of the petitioner and of the subject matter, and according to prevailing view, power to render the particular judgment."

We quoted further that:

"It is undoubtedly the law that upon habeas corpus cognizance can be taken only of defects of a jurisdictional character, which render the proceeding under which the petitioner is imprisoned not merely erroneous, but absolutely void." Oswald v. Martin, 70 Ariz. at 397, 222 P.2d at 635.

Article 6, section 6 of the Arizona Constitution provides for the use of the writ of habeas corpus in the county where any person is in actual custody.[2] It is clear in this case that the defendant, who was in the custody of the superintendent of the prison in Pinal County, Arizona, had the legal right to apply for a writ of habeas corpus to the superior court of that county, the place where he was being detained.

 As to the second and third issues raised by the appeal, it is conceded by the defendant that the Superior Court of Maricopa County had jurisdiction over the subject matter of the offense and over the person of the defendant, but it is contended that the court did not have jurisdiction to render the kind of judgment that was rendered. In Collins v. Superior Court, 48 Ariz. 381, 393, 62 P.2d 131, 137 (1936), we said:

" * * * 'jurisdiction,' particularly as applied in a case involving a collateral attack on a judgment, has been discussed by us many times. The case of Tube City Min. & Mill. Co. v. Otterson, 16 Ariz. 305, 146 P. 203,

1. Conspiracy is defined in A.R.S. § 13–331, as follows:
"A. It is unlawful for two or more persons to conspire to:
"1. Commit any crime. * * *"
A.R.S. § 13–332 provides:
"No agreement, except to commit a felony upon the person of another, or to commit arson or burglary, amounts to a conspiracy unless some act besides such

agreement is done to effect the object thereof by one or more of the parties to the agreement."

2. Art. 6, § 6 of the Arizona Constitution, A.R.S. reads in pertinent part as follows: "Superior courts and their judges shall have the power to issue * * * writs of habeas corpus on petition by, or on behalf of, any person in actual custody in their respective counties."

L.R.A.1916E, 303, goes into the matter very fully and points out that when jurisdiction in this sense is considered, there are three things which must appear: (a) Jurisdiction of the person; (b) jurisdiction of the subject-matter; and (c) jurisdiction of the court to render the particular kind of a judgment in the instant case which it did render, and that if these three elements occur, the judgment is invulnerable as against collateral attack, except for fraud."

In Wall v. Superior Court, 53 Ariz. 344, 352, 89 P.2d 624, 628 (1939), we again recognized the three jurisdictional requisites necessary to keep the action of a court from being void:

"We have frequently had before us the question as to what is meant by 'jurisdiction'. 'Jurisdiction' is of three kinds, (a) of the subject matter, (b) of the person, and (c) to render the particular judgment which was given. City of Phoenix v. Greer, 43 Ariz. 214, 29 P.2d 1062. In order that a judgment be proof against attack by certiorari, the inferior tribunal must have all three of these kinds of jurisdiction."

We hold that in order to meet the third requirement the court must have the power to pronounce judgment under the law and the existing facts. It is the law that in the crime of conspiracy one or more persons must conspire together to commit an act and that their thoughts and plans must be coupled with an overt act.

The weight of authority seems to be that if one of the two alleged co-conspirators is acquitted the conviction of the other co-conspirator may not stand. People v. Regan, 351 Ill.App. 550, 115 N.E.2d 817 (1953); United States v. Wray, 8 F.2d 429 (D.C.Ga.1925); United States v. Hamilton, 26 Fed.Cas. p. 90, No. 15,288.

"It seems to have been an unbroken rule at common law, with cases on the point dating as early as A.D. 1410, that, when only two are charged with a conspiracy, and one of them is acquitted, the conviction of the other is void." DeLaney v. State, 164 Tenn. 432, 436, 51 S.W.2d 485, 487 (1932). See generally Annot., 72 A.L.R. 1180, 1186–88 (1931). Cf. Morrison v. People of State of California, 291 U.S. 82, 54 S.Ct. 281, 78 L.Ed. 664 (1934).

We therefore hold that the pronouncement of a judgment of conviction of the defendant for a conspiracy and the imposition of sentence thereon in Count II of Cause No. 31621 was void. The sentence was imposed after the court had full knowledge of the acquittal of the co-conspirator and the acquittal of Holden operated as an acquittal of the defendant.

Judgment affirmed.

BERNSTEIN, C. J., and LOCKWOOD, J., concur.

STRUCKMEYER, Justice (dissenting).

I am unable to agree that petitioner, Sam Deutsch, should be released from the state penitentiary, believing that the majority err both in their decision on the jurisdictional question here presented and in the application of the law of conspiracy to the facts of the case.

Petitioner's application is not within the proper bounds of habeas corpus. It has long been the settled law of this state that habeas corpus does not take cognizance of errors.

"The test of jurisdiction is whether or not the tribunal has power to enter upon the inquiry; not whether its conclusion in the course of it is right or wrong." Tube City Min. Etc. Co. v. Otterson, 16 Ariz. 305, 311, 146 P. 203, 206, L.R.A.1916E, 303.

So habeas corpus may not be used to review the sufficiency of the evidence or mistakes or errors of law committed by a court in the exercise of its jurisdiction. In re Trombley, 31 Cal.2d 801, 193 P.2d 734; People ex rel. Wakefield v. Montgomery, 365 Ill. 478, 6 N.E.2d 868; Gibson v. Lainson, 244 Iowa 1396, 60 N.W.2d 797, certiorari denied, 347 U.S. 945, 74 S.Ct. 641, 98 L.Ed. 1093; Ryan v. Nygaard, 70 N.D. 687, 297 N.W. 694. The Supreme Court of Illinois said in stating what is accepted everywhere as the correct rule:

"* * * The finding of the court upon every question of fact, including the question whether or not the evidence sustains the judgment and sentence, *is absolutely conclusive and binding* in habeas corpus proceedings, as are also all rulings of the court upon other questions of law—whether the same be in regard to the admissibility of evidence or the sufficiency or legality of the defendant's defense, * * *." People ex rel. Wakefield v. Montgomery, 365 Ill. 478, 6 N.E.2d 868. (Italics supplied)

Accordingly, habeas corpus may not be used to review the guilt or innocence of one convicted of a crime. Ex parte Conway, 97 Okl.Cr. 1, 256 P.2d 189, certiorari denied, 345 U.S. 967, 73 S.Ct. 955, 97 L.Ed. 1385; Thorne v. Callahan, 39 Wash.2d 43, 234 P.2d 517; Fisher v. Fraser, 171 Kan. 472, 233 P.2d 1066, 29 A.L.R.2d 699; People ex rel. Wachowicz v. Martin, 293 N.Y. 361, 57 N.E.2d 53, 154 A.L.R. 1128; Commonwealth ex rel. Sheeler v. Burke, 367 Pa. 152, 79 A.2d 654; State ex rel. Burger v. Wright, 189 Md. 699, 55 A.2d 332; State ex rel. Wells v. Hanley, 250 Wis. 374, 27 N.W.2d 373.

Both the Pinal County Superior Court and this Court violate the foregoing principles in reaching the question of peti-

tioner's guilt or innocence predicated on the rule of law that one conspirator can not be guilty when a jury has found his co-conspirator not guilty. The issue would be clearer if it were cast in a somewhat different perspective. If instead of pleading guilty, Deutsch had stood trial and appropriately raised the question now presented, it could hardly be urged that the Superior Court of Maricopa County did not have jurisdiction to then and there decide the question. If called upon to decide the question, the trial court would have had to examine the facts as charged in the information, together with the fact that petitioner's co-conspirator had been found not guilty of the same charge in order to arrive at a decision. It then would have been its duty to apply the appropriate governing rule of law. Its ultimate decision would embody both a determination of the facts and the law as applied to the facts. Can it possibly be claimed that the court would be without jurisdiction in doing so?

Here the sufficiency of the evidence to support the crime of conspiracy and a ruling upon the question of law now presented were never had simply because the issues were never raised in the trial court by petitioner. *Nevertheless, they could have been raised, and had they been raised, the court would have had the duty, hence jurisdiction, to decide the questions.* That they were not raised does not detract in the least from the fact that the judgment and sentence predicated on the plea of guilty are conclusive and binding and can not be raised collaterally in habeas corpus. The determination in the Pinal County Court and now in this Court of a proposition of law which was within the jurisdiction of the Maricopa County Superior Court to decide is an adjudication on the merits going to petitioner's guilt or innocence and is palpably a departure from established limits of habeas corpus heretofore known to that writ.

The case should be controlled by the principles stated in People ex rel. Carr v. Martin, 286 N.Y. 27, 35 N.E.2d 636. There a husband was indicted for stealing from his wife, pleaded guilty, but subsequently raised the question on habeas corpus whether a husband in the State of New York could be guilty of larceny by appropriation of property belonging to his wife. The Court of Appeals conceded there was merit to the husband's position but nevertheless remanded relator to custody stating:

"Where, as in those cases, a person is detained pursuant to a judgment which is entirely void because it is based upon the determination by the court of questions *which the court had no jurisdiction even to consider,* the person unlawfully detained is entitled to a writ of habeas corpus. Here the question is entirely different.

The relator's plea of guilty was an admission of the allegations contained in the indictment. It established guilt of the crime charged as incontrovertibly as a verdict of the jury upon a trial where the court made no erroneous rulings of law. * * * If the accused had at the trial shown the existence of that relationship the court would have been called upon to determine whether proof that a husband had appropriated his wife's property would establish that he was guilty of larceny. That question is one of law and erroneous decision might result in the conviction of the defendant for a crime he did not commit. Erroneous or not it can hardly be doubted that the court had jurisdiction to decide that question and a judgment based upon an erroneous decision on a question of law made by a court competent to decide such question is not void. * * *" People ex rel. Carr v. Martin, 286 N.Y. 27, 35 N.E.2d 636. (Italics supplied)

No single issue in this case is bottomed on firmer grounds than that the Superior Court of Maricopa County had jurisdiction over the person of Deutsch and the subject matter of the action, the crime, to consider upon a plea of guilty whether Deutsch had committed the offense charged in the information, both from the standpoint of the sufficiency of the evidence and the law applicable thereto. Hence, the judgment is not void and not subject to collateral attack by habeas corpus unless, of course, the court did not have the jurisdiction to render any judgment at all either of guilty or not guilty. It seems that if it had the jurisdiction to pronounce a judgment of not guilty on a ruling of law a fortiori it had jurisdiction to pronounce a judgment of guilty even though erroneous.

The majority pay but lip service to the settled law of this state in quoting from Oswald v. Martin, 70 Ariz. 392, 222 P.2d 632, that jurisdiction relates to the person, the subject matter and the *"power to render the particular judgment."* The jurisdiction of the person and subject matter are conceded by petitioner but nowhere is it pointed out why the Maricopa County Superior Court lacked jurisdiction to render the particular judgment. The power to render a particular judgment means that the judgment and sentence are within the limits authorized by law that is, within the statutory limits of place, time and method of punishment. In the case of In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149, the Supreme Court of the United States explained it this way:

"* * * There has been a great deal said and written, in many cases with embarrassing looseness of expression, as to the jurisdiction of the courts in criminal cases. From a

somewhat extended examination of the authorities, we will venture to state some rule applicable to all of them, by which the jurisdiction, as to any particular judgment of the court, in such cases, may be determined. It is plain that such court has jurisdiction to render a particular judgment only when the offense charged is within the class of offenses placed by the law under its jurisdiction, and when, in taking custody of the accused, and in its modes of procedure to the determination of the question of his guilt or innocence, and in rendering judgment, the court keeps within the limitations prescribed by the law, customary or statutory. When the court goes out of these limitations, its action, to the extent of such excess, is void. Proceeding within these limitations, its action may be erroneous, but not void."

In Valentine v. Tinsley, 143 Colo. 19, 351 P.2d 825, the Colorado Supreme Court summarily disposed of an attack on jurisdiction thus:

"It is manifest, even to the casual reader of our decisions, that habeas corpus can only be invoked to determine whether the original court had jurisdiction and whether the sentence imposed is within the limits of the statute involved."

And see Rivera v. People, 128 Colo. 549, 265 P.2d 226; Breeding v. Swenson, 240 Minn. 93, 60 N.W.2d 4; 5 Wharton, Criminal Law and Procedure § 2226 (12th ed. 1957) and cases cited; Anno. 76 A.L.R. 468—Illegal or erroneous sentence as ground for habeas corpus. That the Maricopa County Superior Court acted within statutory limitations, hence within its power in sentencing petitioner to one year in the state penitentiary, is apparent from a simple examination of the statute, A.R.S. § 13–331, and its judgment is not a nullity.

There is a further reason why I am in disagreement with the majority. It is true that in the case of two defendants, if they are tried jointly, the acquittal of one is the acquittal of the other and, if separate trials, the acquittal of one will generally *bar further proceedings against the other*. But the principle applied in those cases should not be extended to discharge a defendant on the facts of this case. Here, petitioner, Deutsch, pleaded guilty *after* his co-conspirator was found not guilty. He was represented, as the record shows, by able counsel at each stage of the proceedings. The record also reflects from the dismissal of five more serious counts, three of grand theft and two of presenting false claims, that the prosecution was satisfied with somewhat less than a pound of flesh from around the heart.

No precedent is cited for the unique holding in this case and none is to be found. The question then is whether this is a logical extension of the rule sought to

be applied. I am of the opinion that it is not. The principle was first and early established in those cases where on a joint trial one conspirator was acquitted and the other convicted. See cases cited in Anno. 72 A.L.R. 1180 and 97 A.L.R. 1312. Common sense demanded the acquittal of both since the verdicts of the jury were inconsistent, that is, since the jury had determined that one had not conspired, his asserted co-conspirator likewise could not have conspired. Inconsistency is the basis and the sole reason for the rule, for the inconsistent determination by the same jury necessarily reflected some defect in its function. 72 Harv.L.Rev. 920, 972.

While the principle has been extended to those cases where there were separate trials, it has also been rejected as unreasonable. In Platt v. State, 143 Neb. 131, 8 N.W.2d 849, the Supreme Court of the State of Nebraska pointed out:

> "The rule contended for by defendant requires consistent verdicts at separate trials. We know of no sound reason for demanding such a result, unless such verdicts stem from the identical evidence. * * *"

In United States v. Wiesner, 216 F.2d 739, 743, (2nd Cir. 1954), the court observed:

> " * * * It is argued that it is incongruous that the jury should have convicted Wiesner while acquitting Barrios. But it may well be that the jury considered Barrios' defense of entrapment well founded."

And compare State v. Oats, 32 N.J.Super. 435, 108 A.2d 641.

In the instant case the principle applied has been stretched to the point of breaking. Realistically, no inconsistency necessarily exists because the jury could return a verdict of not guilty in Holden's case which would logically agree with petitioner's plea of guilty under the familiar rule of law that a conviction could not be had unless the jury was convinced of defendant's guilt beyond a reasonable doubt. The verdict of not guilty may amount to no more than not proved and in the light of petitioner's insistence on his guilt by his subsequent plea a rational basis consistent with Holden's acquittal is reasonably inferable.

This particular petitioner does not deserve sympathy. Having made a bargain with the prosecution and the court, he refuses to abide by it. There is no reason for this Court to enfold him in the cloak of benevolent paternalism. The order of the Superior Court of Pinal County should be reversed and Deutsch should be remanded to the custody of the warden of the state penitentiary.

JENNINGS, J., concurs.