No. 20,629.

ALLEN LeROY TITMUS *v.* HARRY C. TINSLEY,
WARDEN OF THE COLORADO STATE PENITENTIARY.
(384 P. [2d] 728)

Decided August 26, 1963.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mrs. AUREL M. KELLY, Special Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, to whom we will refer by name, is here by writ of error to review proceedings in the district court of Weld county which he contends amounted to an erroneous denial of his petition for a writ of habeas corpus.

Titmus was charged by information filed in cause number 5628 in the district court of Weld county with the crime of statutory rape. At his request counsel was appointed to defend him and he thereafter entered a plea of guilty to the crime charged. His application for probation was denied and he was sentenced by the court to imprisonment in the Colorado state penitentiary for a

term of not less than six nor more than fourteen years. Thereafter he filed a "Motion to Vacate, Set Aside and Void Judgment and Sentence" which was denied by the trial court. All of the foregoing proceedings occurred during the September 1960 term of the district court. Titmus sought review of these proceedings by writ of error in cause No. 19807 in this court, which writ of error was dismissed June 29, 1961.

Following dismissal of the first writ of error by this court, and in August 1961, Titmus forwarded by mail to the clerk of the district court of Weld county two petitions in a civil action entitled "Allen LeRoy Titmus, Petitioner, vs. Harry C. Tinsley, Warden of the Colorado State Penitentiary, Respondent." One purported to be a petition for writ of habeas corpus and the other a petition to prosecute as a poor person. The trial court refused to accept the documents for filing and they are not certified as part of this record on error. They are, however, attached to the record immediately following the certification by the trial judge. Although these documents were not accepted for filing, the district court of Weld county entered a "ruling" which was filed in the criminal cause without number. This "ruling" purportedly "denied" the petition for writ of habeas corpus. The district court made the following recital:

"This Court, having considered what purports to be a Petition for Writ of Habeas Corpus, submitted to this Court through the mails by the Plaintiff Allen LeRoy Titmus and not filed herein as provided by law, and disregarding any and all improprieties in said attempted filing and in said Petition, and having carefully reviewed the record, the proceedings, and the evidence adduced therein, FINDS: * * *"

The court then made the same findings, verbatim, as had been previously entered in its denial of the "Motion to Vacate, Set Aside, and Void Judgment and Sentence" and concluded:

"THEREFORE THE COURT FINDS there is no justi-

fiable cause to be served by the granting of said Petition for Writ of Habeas Corpus, or for hearing thereon.

"THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Petition for Writ of Habeas Corpus. be and is hereby denied."

We have examined numerous records and briefs by persons appearing pro se, but the instant "record," and contentions made with reference thereto, surpasses anything we have yet seen with respect to lack of understanding of a record for review by an appellate court. No good purpose would be served in setting forth the sequence of events which followed the action taken by the trial court as above set forth. We will treat the petition appended to the record on file herein (which incidentally is not the record of any proceedings on the habeas corpus matter but is the record made on the original criminal case) in all respects as though it had been properly filed and acted upon by the trial court in regular form. Either this petition standing alone, without benefit of the record in the criminal case, makes a sufficient showing for issuance of the writ or it does not. Hence this review must exclude all consideration of the criminal proceedings, and must be limited to that portion of the record only which relates directly to the application for writ of habeas corpus.

This court has repeatedly held that the sole function of the writ of habeas corpus is to determine whether the trial court had jurisdiction of the person and of the offense, and whether the sentence imposed was within the limits prescribed by law. *McGrath v. Tinsley*, 138 Colo. 18, 328 P. (2d) 579; *Valentine v. Tinsley* 143 Colo. 19, 351 P. (2d) 825; *People ex rel. Metzger v. District Court*, 121 Colo. 141, 215 P. (2d) 327. The application for the writ, therefore, must plead facts which, if true, show either (1) that the trial court had no jurisdiction of the person of the defendant, or (2) that the trial court had no jurisdiction of the offense charged, or (3)

that the sentence imposed was not within the limits prescribed by law.

In his petition Titmus sets forth two grounds for issuance of the writ, namely:

"(1) That petitioner is illegally and unlawfully detained by respondent at the Colorado State Penitentiary, and there confined by respondent in violation of his rights pursuant to the Constitution of the United States and the Constitution of Colorado.

"(2) That the judgment and sentence in his case, which was Criminal Action No. 5628 in Weld County, Colorado, District Court, has been void since inception as the Trial Court was without jurisdiction to impose a sentence of not less than six years nor more than fourteen years in the Colorado State Penitentiary at Canon City."

Patently, only paragraph (2) contains averments which could form the basis for issuance of the writ. In his argument Titmus asserts only that the trial court did not have jurisdiction of the person. This argument is based on the asserted fact that he was arrested without a warrant. He makes no claim that the trial court did not have jurisdiction of the offense, nor would such a claim be tenable. He does not assert that the sentence imposed was not within the statutory limits, although this appears to be the basis for his paragraph (2) quoted above.

The mittimus clearly negates either of the foregoing grounds for the issuance of the writ. The mittimus shows that judgment and sentence was imposed by the district court of Weld county after a plea of guilty by Titmus to the crime of statutory rape. It further shows that the sentence was for a term of not less than six years and not more than fourteen years in the Colorado state penitentiary. It shows no grounds for issuance of the writ. On the contrary, it shows that the trial court had jurisdiction of the offense charged and that the sen-

tence imposed was within the limits fixed by C.R.S. '53, 40-2-28 (1).

█ It clearly appeared on the face of the petition filed by Titmus that he could neither be discharged nor admitted to bail nor in any other manner relieved, and no cause for issuance of a writ of habeas corpus is shown. Manifestly, the trial court had jurisdiction of the person of the accused and of the offense charged against him, and the sentence imposed upon him was within the limits prescribed by law. C.R.S. '53, 65-1-1 in pertinent part provides that the judge to whom a petition for writ of habeas corpus is presented shall,

"* * * award the writ of habeas corpus, *unless it shall appear from the petition itself, or from the documents annexed, that the party can neither be discharged nor admitted to bail, nor in any other manner relieved; * * *.*" (Emphasis supplied.)

There was no error in the trial court's "denial" of the petition for writ of habeas corpus. The judgment is affirmed.