Mr. Justice Pringle
delivered the opinion of the Court.
William Shearer, hereinafter called the petitioner, filed a petition for a writ of habeas corpus alleging that his conviction in 1949 of murder in the first degree was obtained as a result of a confession which he contends was improperly admitted into evidence. Petitioner alleged that the confession was coerced and that he was denied assistance of counsel when the confession was made. The trial court denied the application for writ of habeas corpus on its face, and the petitioner seeks to reverse that judgment here. We hold that the trial court was correct.
Petitioner raised only two issues in his application for the writ: (1) His confession was coerced, and (2) He was denied his right to the assistance of counsel at the time his confession was given. Both of these issues are founded upon alleged violations of petitioner’s rights guaranteed by the Constitutions of the United States and the State of Colorado. Under our decisions, these questions are not justiciable in a habeas corpus proceeding.
This court has repeatedly held, without exception, that unless a criminal judgment of conviction is attacked upon the basis that the trial court did not have jurisdiction over the person of the defendant or the subject matter of the proceeding, or that the sentence was in excess of the statutory limitation, or that grounds existed within the provisions of C.R.S. 1963, Chapter 65, habeas corpus is unavailable. Specht v. Tinsley, 153 Colo. 235, 385 P.2d 423; Stilley v. Tinsley, 153 Colo. 66, 385 P.2d 677; Titmus v. Tinsley, 153 Colo. 96, 384 P.2d *321 728. Furthermore, we have held that post-conviction questions pertaining to the constitutionality of the judgment of conviction are solely within the ambit of the provisions of Rule 35 (b), Colo. R. Crim. P. Martinez v. Tinsley, 158 Colo. 236, 405 P.2d 943; Stewart v. Tinsley, 157 Colo. 441, 403 P.2d 220. Thus, as it “appears on the face of the petition that petitioner is not entitled to habeas corpus relief, * * * it was proper for the court to deny it summarily.” Stewart v. Tinsley, supra.
The judgment is affirmed.