HARTSEL H. BOYLES *v.* CHARLES J. HUDAK

(No. 8715)

Submitted September 13, 1938. Decided September 27, 1938.

*Powell & Clifford* and *Lloyd H. Young,* for plaintiff in error.

*William T. George, Jr.,* for defendant in error.

HATCHER, JUDGE:

H. H. Boyles, in behalf of East End Produce Market (hereinafter called "Market"), a business in Clarksburg owned by his wife, bought produce in Baltimore, Maryland, on July 1, 1937, through M. Stein, a broker. The total cost of the purchase was $136.45, and Boyles gave Stein Market's check on a Clarksburg bank for that sum. When the check was presented to the bank, several days later, Boyles had payment stopped. The Governor of Maryland made a requisition upon the Governor of West Virginia for the extradition of Boyles upon the charge that he had committed a crime in Maryland by procuring goods under false pretenses. The extradition was granted; and this is *habeas corpus* to test its legality. The circuit court denied the writ.

The proof shows, without controversy, that for six months before the purchase in question, Boyles had been buying produce by the truck load, weekly, through Stein without any substantial friction; that Stein had instructed Boyles if the produce purchased was not as represented, to wire and Stein would not pay for it; that Stein withheld the check of July 1st from deposit in his local bank until July 8th, and during that period, to-wit, on July 3rd, by letter, expressed willingness to extend Boyles "credit through the checks"; that the produce purchased July 1st was sold to Boyles by sample and he did not see it loaded; that in this purchase were tomatoes costing $21.00 and bananas costing $60.00; that after the produce reached Clarksburg, Market found that from sixty-five to seventy per cent of the tomatoes were "bad", and an equal per cent of the bananas were unsalable; that after Boyles discovered the condition of the tomatoes and bananas, he started to Baltimore to secure an adjustment, but having motor trouble, wired Stein "Hold up payment on last two loads until satisfactory adjustment is made have stopped payment here I started to Baltimore today noon got eighty miles had to turn back will be there soon as possible;" that Stein, without answering Boyles, procured his indictment in Baltimore; that on July 1, when the check of $136.45 was given Stein, he was holding another check of Market on the Clarksburg bank of $176.00, drawn June 29; that Market had a deposit in that bank on July 1 sufficient to meet either check, but not to meet both; and that this same condition existed on July 9, when both checks were presented for payment. Boyles testified that when he drew the check for $136.45, he had no intention of stopping its payment, and did so because the tomatoes and bananas were not of the quality purchased.

Boyles contends that the facts show no overt act of crime in Maryland; and therefore, he is not a fugitive from justice and is not subject to extradition.

The Code of Maryland makes it a crime for a person by false pretense to obtain anything of value from

another with intent to defraud him. Article 27, section 139. And section 141 further provides: "Every person who with intent to cheat and defraud another shall obtain * * * anything of value by means of a check * * * drawn * * * upon any bank * * * not indebted to drawer, or where the drawer * * * shall not have provided for the payment or acceptance, and the same be not paid upon *representation*, shall be deemed to have obtained such * * * things of value by means of a false pretense * * * . The giving of the aforesaid worthless check * * * shall be prima facie evidence of intent to cheat or defraud * * * ." In support of extradition it is contended that since Market did not have sufficient funds in bank to meet the two checks of $176.00 and $136.45, respectively, on July 1st, when the latter was given and since it was not paid upon presentment, the giving of that check in Baltimore constituted an overt crime within the State of Maryland, under its laws, and accordingly, Boyles is now a fugitive from justice.

Ordinarily, a check is given and accepted as payable instantly on demand, and if that were the case here the contention supporting extradition would be sound. But here the check of $136.45 was not given as an instant payment; and since the testimony discloses circumstances justifying a material reduction of the price of the produce, the repudiation of the check for that reason, in West Virginia, cannot be related to the giving of the check in Maryland, so as to make that initiate a crime there.

We are therefore of opinion that Boyles committed no overt crime within the State of Maryland and is not a fugitive from justice.

The judgment of the circuit court is reversed, and judgment will be entered here discharging Boyles from custody under the warrant of extradition.

*Reversed and rendered.*