STATE EX REL. KOHL, Plaintiff in error, vs. KUBIAK, Sheriff, Defendant in error.

*June 6—July 12, 1949.*

For the plaintiff in error there was a brief by *Eugene J. Sullivan* and *Ted E. Wedemeyer,* attorneys, and *John R. Craite* of counsel, all of Milwaukee, and oral argument by *Mr. Sullivan.*

For the defendant in error there was a brief by the *Attorney General, William J. McCauley,* district attorney of Milwaukee county, and *Aladin A. Debrozzo,* deputy district attorney, and oral argument by *Mr. Debrozzo.*

FAIRCHILD, J.   Sec. 364.20, Stats., provides:

*"Guilt or innocence of accused, when inquired into.*   The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the governor or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as above provided shall have been presented to the governor, except as it may be involved in identifying the person held as the person charged with the crime."

Under the provisions of the statute just referred to the learned trial judge ruled that: "The only question for the court which developed upon this trial was whether or not the petitioner was in the city of Chicago, Cook county, Illinois, on

November 19th, 1948, at the time when the crime charged against the petitioner was alleged to have been committed." In his analysis of the testimony offered he was convinced that petitioner had failed to establish a right to be discharged and held that the writ of *habeas corpus* must be quashed.

The petitioner was arrested as a fugitive from justice. There was a requisition of the governor of the state of Illinois for his surrender to that state. The requisition was honored by the acting governor. There is a dispute in the testimony as to where petitioner was at the time of the commission of the crime. But the court will not discharge a defendant arrested under the governor's warrant where there is merely contradictory evidence on the subject of presence in or absence from the state. *Habeas corpus* is not the proper proceeding to try the question of the guilt or innocence of the accused. *Munsey v. Clough,* 196 U. S. 364, 25 Sup. Ct. 282, 49 L. Ed. 515; *People v. Traeger,* 340 Ill. 147, 172 N. E. 168. The burden rests on the defendant to show by competent evidence that he was not a fugitive from the justice of the demanding state "thereby overcoming the presumption to the contrary arising from the face of an extradition warrant." *McNichols v. Pease,* 207 U. S. 100, 109, 28 Sup. Ct. 58, 52 L. Ed. 121.

The record contains evidence that plaintiff in error was seen in Chicago at the time of the commission of the crime as well as evidence of admissions by him that he was there. There was a denial by him of the admissions, and he offered other evidence calculated to support his claim that he was not in the state of Illinois at the time. However, the weight and sufficiency of the evidence was a matter for the exercise of judgment by the circuit court.

From a review of the evidence presented, we are of the opinion that there was no abuse of discretion in the court's determination that the plaintiff in error was in the jurisdiction of the state of Illinois at the time the alleged offense was committed. That was the question to be resolved. It is considered that the order remanding plaintiff in error to the

custody of the sheriff of Milwaukee county must be affirmed.

*By the Court.*—Order affirmed.   Record to be returned forthwith.