STATE EX REL. KRUEGER, Plaintiff in error, vs. MICHALSKI, Sheriff, Defendant in error.

*September 13—October 8, 1957.*

For the plaintiff in error there was a brief and oral argument by *Eugene J. Sullivan* and *Dennis M. Sullivan,* both of Milwaukee.

For the defendant in error there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, *William J. McCauley,* district attorney of Milwaukee county, *Ben J. Wiener,* deputy district attorney, *Albert M. Stanich,* assistant district attorney, and *Robert L. McDonald,* assistant state's attorney of Winnebago county, Illinois, and oral argument by *Mr. Wiener, Mr. Platz,* and *Mr. Stanich.*

FAIRCHILD, J. Relator urges that the evidence he offered to show the nullity of his marriage to Lillian would conclusively establish his innocence of the offense with which Illinois has charged him. The attorney general asserts that whatever answer there may be to his proffered defense, both it and any facts controverting it go to the question of guilt or innocence and that question is to be determined in the courts of Illinois and not here. We agree with the attorney general.

The basis for extradition from state to state is found in sec. 2, art. IV, United States Const., which provides:

"A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime."

Congress has prescribed a procedure for demanding extradition and has placed the duty of responding to the demand upon the governor. 18 USCA, Extradition, sec. 3182.

Ch. 964, Stats., is the Uniform Criminal Extradition Act adopted by Wisconsin and many other states. Some of its provisions relate to the exercise of the duties of the governor. Others provide an auxiliary procedure under which enforcement officers may arrest and detain those who are wanted for prosecution in another state pending action by the governor.

*State ex rel. Wells v. Hanley* (1947), 250 Wis. 374, 375, 27 N. W. (2d) 373.

Sec. 964.20, Stats. 1955, provides:

"The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the governor or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as above provided shall have been presented to the governor, except as it may be involved in identifying the person held as the person charged with the crime."

The section just quoted is a sufficient answer to relator's contention that the circuit court should have decided that he is innocent. *State ex rel. Wells v. Hanley, supra; State ex rel. Kohl v. Kubiak* (1949), 255 Wis. 186, 38 N. W. (2d) 499; *State ex rel. Kojis v. Barczak* (1953), 264 Wis. 136, 58 N. W. (2d) 420.

Relator argues that if he establishes that no crime was committed as charged, he shows that he is not a "fugitive from justice." That phrase has been interpreted to mean, in the context of extradition of the type here involved, simply a person who, having been in a state when a crime is alleged to have occurred within its borders, and being charged with the offense, is found outside the state. *Ex parte Reggel* (1885), 114 U. S. 642, 651, 5 Sup. Ct. 1148, 29 L. Ed. 250; *Biddinger v. Commissioner of Police* (1917), 245 U. S. 128, 38 Sup. Ct. 41, 62 L. Ed. 193.

Relator has cited two cases in which courts have departed from the general rule and have discharged persons about to be delivered to the demanding state because their innocence of the crimes alleged seemed to have been clearly demonstrated by highly persuasive evidence. One was *Boyles v. Hudak* (1938), 120 W. Va. 431, 199 S. E. 5. West Virginia had enacted the Uniform Extradition Act only

shortly prior to the *Boyles* decision, and although it was considered by the court, a later case distinguishes the *Boyles Case* and goes on to hold that guilt or innocence can no longer be inquired into in this type of proceeding in West Virginia. *Cassis v. Fair* (1944), 126 W. Va. 557, 29 S. E. (2d) 245, 248. At page 564 it was said, "Extradition is not based on guilt, but solely upon the fact that the accused is 'charged . . . with . . . crime.' " The other case relied on by relator was *In re Kelsey* (1941), 19 N. J. Misc. 488, 21 Atl. (2d) 676, decided by the court of common pleas of Warren county. We do not find that it has been cited in later New Jersey decisions but it and the *Boyles* decision are inconsistent with the great body of authority on this subject. Although it may often be a substantial hardship for an individual to be conveyed to another state to undergo prosecution when he asserts a plausible defense, nevertheless, it appears to be one of the fundamental terms upon which the states are associated in the union—that an individual who goes from one state to another may be removed to the former state to stand trial on a criminal charge if he was in the former state at the time of the alleged offense.

Relator concedes that he was in Illinois on July 1, 1955. Whether or not he was in Winnebago county on July 1st, he concedes he was there on June 30th. Questions of proper venue or of variance would be matters of defense to be determined by the Illinois courts. See *State ex rel. Kojis v. Barczak, supra,* page 141.

*By the Court.*—Order affirmed.