STATE EX REL. KEEHN, Appellant, v. CAPELLE, County Sheriff, Respondent.

*May 4—June 5, 1962.*

For the appellant there was a brief by *Geffs, Geffs, Block & Geffs* of Janesville, and oral argument by *Robert H. Geffs*.

For the respondent the cause was argued by *William A. Platz*, assistant attorney general, with whom on the brief were *John W. Reynolds*, attorney general, and *Mark J. Farnum*, district attorney of Rock county.

DIETERICH, J. This is an extradition case. The stipulated record reveals that on January 1, 1961, Roger Lawrence Keehn was arrested by the sheriff of Rock county and taken into custody at the request of California authorities.

On January 3, 1961, Helen Shaw of California, mother of the child involved in this case, signed a felony complaint in Los Angeles county, California, against one Roger Lawrence Keehn. The complaint charged that on or about April 12, 1960, in the county of Los Angeles, state of California, Roger Lawrence Keehn violated sec. 278 of the California Penal Code and that at that time and place "did wilfully, unlawfully, feloniously, maliciously, forcibly, and fraudulently take and entice away a minor child, Roberta Lee Schwebs, aged fifteen years, with intent then and there to detain and conceal such minor child from Helen Shaw, parent of such child." A warrant for his arrest was duly signed and issued on January 4, 1961.

The record further reveals that on January 18, 1961, Robert S. Sinclair, a detective of the Azusa police department, Los Angeles, California, stated in his affidavit that

on the 21st day of April, 1960, a complaint was sworn to before a municipal court of Los Angeles county in which Roger Lawrence Keehn was charged with "child-stealing," a felony, and that on January 3, 1961, a new complaint was issued by the judge to meet the requirements of extradition.

Thereafter, an application for a requisition from Los Angeles county, California, was made on January 19, 1961. The governor of California signed such requisition on January 24, 1961.

The hearing on extradition of Roger Lawrence Keehn was held on February 10, 1961, in the office of the governor of the state of Wisconsin, who thereafter on March 10, 1961, signed a warrant of rendition to the sheriff of Rock county, wherein the said Keehn is referred to as being charged with the crime of "child-stealing" in California.

Keehn contends that his imprisonment is illegal and contrary to law for the following reasons set forth in his petition:

"(1) That the warrant fails to recite the facts necessary to the validity of its issue.

"(2) That petitioner has committed no offense in the state of California.

"(3) That petitioner was not in the state of California on the date said offense took place.

"(4) That the governor of the state of Wisconsin, by his agent, did not make proper legal identification of the petitioner."

Keehn offered no evidence to support his contentions contained in paragraphs 1 and 3 of his petition. He, however, questions the legality of the extradition proceedings brought against him on the issues raised on contentions 1 and 4.

Keehn's position is that the warrant of rendition issued by the governor of Wisconsin is defective for the reason that it charges him with the crime of "child-stealing," which crime

is not to be found in the California Penal Code. This contention has no merit. Sec. 278 is the only section in ch. IV of Title 9 of Deering's California Penal Code; the title to ch. IV is "Child-stealing."

Keehn maintains in support of his position on paragraph 4 that the state of California did not meet its required burden of proof as to identification when it relied upon the snapshot which was attached to the affidavit of Helen Shaw of California, his former landlady and the mother of the child.

The issuance of the warrant raises a presumption that the accused is the wanted fugitive, and such presumption is sufficient to justify arrest and detention of the accused unless the accused shows by competent evidence that he was not a fugitive from the justice of the demanding state, thereby overcoming the presumption. *State ex rel. Kohl v. Kubiak* (1949), 255 Wis. 186, 38 N. W. (2d) 499; 9 U. L. A., sec. 321; sec. 964.20, Wis. Stats. [1]

Keehn further points out that the record reveals that he was illegally arrested and detained on January 1, 1961, for the reason that the first warrant from California was later withdrawn and the second had not yet been issued; consequently the trial court was in error when it quashed the writ of *habeas corpus*.

The warrant of rendition in the instant case was issued before the commencement of the *habeas corpus* proceedings, therefore, the only question before this court is the sufficiency of the warrant of rendition as signed by the governor.

---

[1] "964.20 GUILT OR INNOCENCE OF ACCUSED, WHEN INQUIRED INTO. The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the governor or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as above provided shall have been presented to the governor, except as it may be involved in identifying the person held as the person charged with the crime."

Anno. 84 A. L. R. 337. Identification of accused in extradition proceedings.

In 35 C. J. S., Extradition, p. 402, sec. 12 c, it is stated:

"A fugitive from justice from another state cannot urge, in opposition to proper extradition proceedings, the fact that his original arrest or detention was illegal. Once proper proceedings have been instituted, it is too late to claim that the preliminary detention was illegal."

The record was stipulated to between the parties and contains no evidence that the original arrest and detention of Keehn were not made pursuant to the statutes. Under such circumstances no inference arises that the proceedings were improper or illegal. On the basis of the issues raised by the record, the order of the trial court is affirmed.

*By the Court.*—Order affirmed.