STATE, Respondent, v. TOWNE, Appellant.*

*No. State 36.    Argued February 4, 1970.—Decided March 3, 1970.*
(Also reported in 174 N. W. 2d 251.)

* Motion for rehearing denied, without costs, on April 28, 1970.

For the appellant there were briefs and oral argument by *James H. McDermott*, state public defender.

For the respondent the cause was argued by *Sverre O. Tinglum*, assistant attorney general, with whom on the brief were *Robert W. Warren*, attorney general, and *John E. Kruschke*, district attorney of Oneida county.

HANLEY, J. The basic issue presented is whether Towne is legally detained under the governor's warrant.

The appellant sets forth the following challenges to the validity of the warrant of arrest:

(1) The Florida warrant of arrest was not issued on probable cause;

(2) Neither the Florida information nor affidavit "substantially" charge him with a crime as is required by sec. 964.03, Stats.;

(3) The Florida information is not supported by a proper affidavit as is required by sec. 964.03, Stats.;

(4) The Florida warrant was *functus officio;* and

(5) The trial court erred in refusing to allow certain testimony at the habeas corpus hearing.

A consideration of the above challenges reveals that only the first challenge of probable cause for issuance of the Florida warrant has merit.

The appellant contends that there was no probable cause for issuance of the Florida warrant in that the affidavit of Mrs. Mary Towne stated only a mere conclusion. From the record now before this court, such affidavit was apparently the sole basis for issuance of the Florida warrant.

In *State ex rel. White v. Simpson* (1965), 28 Wis. 2d 590, 594, 595, 137 N. W. 2d 391, this court stated:

"As a result of the United States supreme court cases, it is constitutionally essential that the magistrate be mindful of the underlying circumstances before he authorizes the issuance of a warrant. The magistrate may not accept without question the suspicions or conclusions of a complainant but, on the contrary, must determine the existence of probable cause after being apprised of the relevant facts. In performing this function, the magistrate or court commissioner serves as a judicial officer and must act in a neutral and detached manner. He must receive an adequate answer to this hypothetical question: 'What makes you think that the defendant committed the offense charged?' *Jaben v. United States* (1965), 381 U. S. 214, 224, 85 Sup. Ct. 1365, 14 L. Ed. (2d) 345.

"The underlying facts need not be derived solely from the written complaint. Nevertheless, *upon review* it must appear that sufficient facts were brought to the magistrate's attention even though they are not contained in the written complaint. . . ." (Emphasis supplied.)

The instant record reveals no underlying facts whatever upon which the Florida court could have drawn in answering the question "What makes you think that the

defendant committed the offense charged?" Apparently only the bare conclusion of Mrs. Towne was considered.

In *State ex rel. Foster v. Uttech* (1966), 31 Wis. 2d 664, 143 N. W. 2d 500, this court refused to assume either that an Indiana magistrate had found probable cause for issuance of a warrant or that the deputy clerk who issued the warrant had been ordered to do so by a magistrate. The state distinguishes *Foster* from the instant case by noting both that here the warrant was issued by a magistrate and that the affidavit of Mrs. Towne had been considered prior to its issuance. Such argument ignores the insufficiency of the affidavit itself. We conclude that under *State ex rel. White v. Simpson, supra,* an examination of the record now before this court reveals there was insufficient evidence to constitutionally support a finding of probable cause and the Florida warrant was improvidently issued.

*By the Court.*—The order appealed from is reversed with direction to discharge Towne from the custody of the sheriff of Oneida county.