STATE EX REL. WELCH, Petitioner, v. HEGGE, Sheriff, Respondent.

*No. 191. Argued February 28, 1972.—Decided March 30, 1972.*
(Also reported in 195 N. W. 2d 669.)

484

For the petitioner there was a brief by *Prazak & Geffs* of Clinton, and oral argument by *Jacob Geffs*.

For the respondent the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

ROBERT W. HANSEN, J.   The "mistaken identity" argument is not being pursued on this appeal. It is clear, and undisputed, that the petitioner is the party being sought by the state of North Carolina for conspiring with others to commit false pretenses. It is as clear, although not undisputed, that "mistaken identity" was the sole issue raised by petitioner at the trial court hearing. The petition for writ of habeas corpus recites:

"4.  That the imprisonment of the petitioner as alleged is illegal and contrary to law, in that it is based upon a

mistaken identification of this defendant; that the defendant was never in the county of Johnston, North Carolina at any time in his life; that the defendant was not in the state of North Carolina during the months of October, November and December of 1968; that he never met Ray M. Atkinson at any time in his lifetime and never had any dealings with him directly or indirectly; that the complaint for arrest was a mistaken identification in that it describes the defendant as a White male and the fact is, that the defendant is an Iroquois Indian; that this court has jurisdiction under section 964.20, Wisconsin statutes to determine the identification of the person charged with a crime."

On the only issue raised by petitioner's pleading, that of "mistaken identity," the trial court found no mistake. Substantial evidence supports that finding, and no challenge is made to that finding. Correctness of identity is now conceded. However, petitioner by counsel, on appeal, claims that: "The question before the court on the writ of habeas corpus was whether or not Cyrus H. Welch was present in Johnston county, North Carolina, on or about December 12, 1968." Whether viewed as an alibi or defense on the merits, this issue the trial court did not reach. This question, going beyond the identity issue raised, the trial court held it was not obliged to answer.

The only issue raised by petitioner in his petition for writ of habeas corpus was the identity issue. It is true that, in support of the claim, since abandoned, of "mistaken identity," petitioner stated that he ". . . was never in the county of Johnston, North Carolina, at any time," that he ". . . was not in the state of North Carolina during . . . December of 1968," that he ". . . never met Ray M. Atkinson . . . and never had any dealings with him." But these statements relate or can be related here only to the sole issue raised: The claim of "mistaken identity." Their inclusion did not require a determination of guilt or innocence or existence of alibi at the habeas corpus proceeding. In fact, exactly as this court has stated:

"It is clear that evidence which goes to the guilt or innocence of the accused may not be inquired into, either by the governor or any proceeding after the demand for extradition if a charge of a crime in legal form has been presented to the governor except as such issue is indirectly involved in the identification of the person held as the one charged with the crime . . . ." [1]

Under this rule of admissibility as to identification questions only, the trial court was entirely correct in admitting testimony at the hearing as to when the petitioner had been in the state of North Carolina, and equally correct in holding that such evidence was to be considered only on the issue raised—that of identification of the person held as the person charged. It is true that this court has permitted trial courts in habeas corpus proceedings to ". . . examine into constitutional *questions* affecting the legality of the arrest in this state for extradition at least *where constitutional standards are shown not to have been complied with on the face of the documents.* . . ." (Emphasis supplied.) [2] This includes a right to ". . . examine the sufficiency of the foundation documents, . . ." [3] the information or affidavit and warrant ". . . to see if the demand or requisition is proper and can serve as a valid basis for a governor's rendition warrant." [4] Upon such challenge to the validity of arrest, which must be timely made, [5] the issue becomes ". . . the sufficiency of the governor's warrant and *not* the procedural irregularities before the trial court of a sister state." [6] Such right to timely raise

[1] *State ex rel. Foster v. Uttech* (1966), 31 Wis. 2d 664, 670, 143 N. W. 2d 500.

[2] *Id.* at page 671, quoted with approval in *State ex rel. Lutchin v. Outagamie County Court* (1969), 42 Wis. 2d 78, 84, 85, 165 N. W. 2d 593.

[3] *Id.* at page 671.

[4] *Id.* at page 671.

[5] *State ex rel. Lutchin v. Outagamie County Court, supra,* at page 86.

[6] *Id.* at page 86.

issues of constitutional dimension can include an attack upon the affidavit upon which a finding of probable cause was made in the requesting state as constitutionally insufficient.[7] But such right to raise issues of constitutional infirmity does not extend to the right to assert an alibi or deny the charges brought on the merits. Guilt or innocence are to be determined at the time and place of trial, not on the occasion of a hearing on habeas corpus as to whether the person charged is to be returned to the requesting state to face trial.

While the question of whether petitioner is a "fugitive from justice" is not raised by petitioner or the state, for the sake of completeness, we note the applicability of the revised Uniform Extradition Act which became effective in Wisconsin on July 1, 1970, about three months before the issuance of the governor's warrant in this case. In the absence of express statutory provision, it could be argued that extradition lies only for "fugitives from justice," and one who acts in one state, thereby committing a crime in another state, is not to be considered as a "fugitive from justice" of the state in which the crime took place.[8] However, the revised Uniform Extradition Act, in sec. 976.03 (6), Stats., specifically provides:

"EXTRADITION OF PERSONS CHARGED WITH HAVING COMMITTED A CRIME IN THE DEMANDING STATE BY ACTS DONE IN THIS OR SOME OTHER STATE. The governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state as provided in sub. (3) with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand; and the pro-

---

[7] *State v. Towne* (1970), 46 Wis. 2d 169, 170, 174 N. W. 2d 251.

[8] *Hyatt v. Corkran* (1903), 188 U. S. 691, 719, 23 Sup. Ct. 456, 47 L. Ed. 657.

visions of this section not otherwise inconsistent shall apply to such cases, *notwithstanding that the accused was not in that state at the time of the commission of the crime, and has not fled therefrom."* (Emphasis supplied.)

Because (1) the sole issue raised by petition for writ of habeas corpus was that of "mistaken identity;" (2) alibi or questions as to guilt or innocence were beyond the scope of inquiry in this habeas corpus proceeding; and (3) sec. 976.03 (6), Stats., authorizes extradition for acts in this state, intentionally resulting in a crime in the demanding state, the trial court properly denied habeas corpus.

*By the Court.*—Order affirmed.