# STATE of Wisconsin EX REL. Darrell RODENCAL, Petitioner-Appellant,

v.

# Steven FITZGERALD, Sheriff, Dodge County, WI, Respondent.

Court of Appeals

*No. 90-2084. Submitted on briefs July 2, 1991.—Decided August 29, 1991.*

(Also reported in 474 N.W.2d 795.)

For the petitioner-appellant the cause was submitted on the brief of *Arik J. Guenther* of *Guenther & Haza, Ltd.* of Campbellsport.

For the respondent the cause was submitted on the brief of *James E. Doyle,* attorney general and *Michael R. Klos,* assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J.  Darrell Rodencal appeals from an order quashing his writ of *habeas corpus* and delivering him to the State of Georgia under the Uniform Criminal

Extradition Act, sec. 976.03, Stats. Rodencal makes two claims. First, he claims that the trial court erred in finding that the extradition documents submitted by Georgia's governor were properly authenticated as required by the statute. Second, Rodencal claims that the trial court prejudiced his extradition rights by refusing to permit him to introduce evidence on the issue of whether or not he was a fugitive from justice. We conclude that the extradition documents were properly authenticated. However, the trial court erred in refusing to allow Rodencal to introduce evidence that he was not a fugitive from justice. We therefore reverse and remand for proceedings consistent with this opinion.

## BACKGROUND

On July 17, 1990, a Fugitive Complaint and Arrest Warrant was filed in Dodge County Circuit Court charging Darrell Rodencal with committing a murder in Whitfield County, Georgia, on or about July 6, 1990. The Georgia governor's extradition request and accompanying papers, and the governor of Wisconsin's warrant, were filed with the circuit court on August 16.

On August 24, Rodencal filed a petition for a writ of *habeas corpus,* which the court granted. At the September 5 hearing, Rodencal challenged the sufficiency of the extradition documents and requested that he be allowed to present testimony by telephone to establish that he was not a fugitive from justice. The court took the matter under advisement and, after a hearing on September 10, 1990, quashed Rodencal's writ of *habeas corpus* and ruled that he was not entitled to present evidence that he was not a fugitive from justice. The court stayed Rodencal's delivery to Georgia officials, pending this appeal.

## WERE THE EXTRADITION DOCUMENTS PROPERLY AUTHENTICATED?

Before a person may be extradited from Wisconsin to face criminal charges in another state, sec. 976.03(3), Stats., requires that the requesting state shall file supporting documents. Section 976.03(3) provides in relevant part:

> No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless . . . accompanied by . . . a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon . . .. [T]he copy of [the] . . . affidavit . . . *must be authenticated by the executive authority making the demand.* [Emphasis added.]

Rodencal claims that the Georgia governor's authentication of the affidavit and arrest warrant is invalid because the magistrate's signature on these documents was not certified by the clerk of court.

The requisition for Rodencal, addressed to Wisconsin's governor and signed by the governor of Georgia, states:

> WHEREAS it appears by the annexed application for requisition and copies of WARRANT AND AFFIDAVIT *which I certify are authentic and duly authenticated in accordance with the laws of the State of Georgia,* that DARRELL RODENCAL stands charged with the crime of MURDER committed in the County of WHITFIELD in this State, and it has been represented to me that the accused was present in this State at the time of the commission of said crime and thereafter, said Fugitive from Justice

has fled from the justice of this State, and has taken refuge in the State aforesaid;

NOW, THEREFORE, pursuant to the provisions of the Constitution and Laws of the United States, in such cases made and provided, I do hereby request that the said Fugitive from Justice be apprehended and delivered . . . to the STATE OF GEORGIA, there to be dealt with according to law. [Emphasis added.]

In *State ex rel. Clayton v. Wolke*, 69 Wis. 2d 363, 230 N.W.2d 869 (1975), the court concluded that a Louisiana governor's extradition request satisfied the authentication requirement of sec. 976.03(3), Stats. The court found that this requirement was "expressly supplied by the governor of Louisiana in his formal request for petitioner's extradition wherein he states that he does 'certify' the papers which are 'hereunto annexed' to be 'authentic and duly authenticated in accordance with the Laws of this State.' " *Id.* at 368, 230 N.W.2d at 872. The court said that the "generally accepted rule" is that in the absence of a showing that the charging documents are "spurious," the demanding governor's certification is sufficient. *Id.* at 369, 230 N.W.2d at 872–73 (citing *Lyle v. Kieback*, 337 P.2d 392 (Colo. 1959)).

We conclude that *State ex rel. Clayton v. Wolke* controls. Section 976.03(3), Stats., does not require cross-certification by the clerk of court. It requires that the governor authenticate the affidavit. That was done. Rodencal has not shown that the charging documents are spurious. We therefore conclude that the Georgia governor's authentication was sufficient.

415

## II.

## WAS RODENCAL IMPROPERLY DENIED
## THE RIGHT TO PRESENT EVIDENCE?

On September 10, the circuit court denied Rodencal's request to present telephone testimony from several witnesses in Tennessee who would allegedly testify that Rodencal was not in Georgia at the time of the alleged offense. The court's order states: "[T]he Court . . . finds that the Petitioner is not entitled to introduce testimony and other evidence on the issue of whether or not he is a fugitive from justice . . .." The trial court quashed the writ of *habeas corpus.* The trial court's rationale for refusing Rodencal's request does not appear in the record.

Wisconsin follows the mandates of the United States Supreme Court with respect to the standards to be applied in extradition proceedings. *State v. Stone,* 111 Wis. 2d 470, 473, 331 N.W.2d 83, 84 (1983). The scope of the asylum state's review in extradition cases is limited as follows:

> Once the [asylum state] governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are historic facts readily verifiable.

*Id.* at 473-74, 331 N.W.2d at 85 (quoting *Michigan v. Doran,* 439 U.S. 282, 289 (1978)).

The courts of an asylum state are bound by art. IV, sec. 2 of the U.S. Constitution, by 18 U.S.C. § 3182 and, where adopted, by the Uniform Criminal Extradition Act. *Michigan v. Doran,* 439 U.S. 282, 288 (1978). A governor's grant of extradition is *prima facie* evidence that the constitutional and statutory requirements for extradition have been met. *Id.* at 289. However, a petitioner may challenge his status as a fugitive from justice.

> One arrested and held as a fugitive from justice is entitled, of right, upon habeas corpus, to question the lawfulness of his arrest and imprisonment, showing by competent evidence, as a ground for his release, that he was not, within the meaning of the Constitution and laws of the United States, a fugitive from the justice of the demanding state, and thereby overcoming the presumption to the contrary arising from the face of an extradition warrant.

*Illinois ex rel. McNichols v. Pease,* 207 U.S. 100, 109 (1907). The United States Supreme Court has expressly stated that evidence tending to disprove that one is a fugitive from justice is admissible.

> [W]hen the extradition papers required by the statute are in the proper form *the only evidence sanctioned by this court as admissible on [an extradition] hearing is such as tends to prove that the accused was not in the demanding state at the time the crime is alleged to have been committed . . ..*

*Biddinger v. Commissioner of Police,* 245 U.S. 128, 135 (1917) (emphasis added).

In the trial court, the respondent objected to the presentation of Rodencal's evidence on two grounds. First, the witnesses testifying by telephone would be unable to identify Rodencal and, secondly, this type of

testimony was really an alibi defense, beyond the court's scope of review in an extradition proceeding. On appeal, however, the respondent acknowledges that a petitioner should be allowed to present evidence tending to show that he is not a fugitive from justice and concedes that the trial court's order is in error. Nonetheless, the respondent contends that this court should affirm the trial court's order approving Rodencal's extradition to Georgia because "[i]t is clear from the present record that the telephonic testimony of petitioner's Tennessee witnesses could, at best, have done no more than introduce contradictory evidence into the record."

The respondent's argument is based on *State ex rel. Kohl v. Kubiak,* 255 Wis. 186, 38 N.W.2d 499 (1949), where the court states:

> [T]he court will not discharge a defendant arrested under the governor's warrant where there is merely contradictory evidence on the subject of presence in or absence from the state. *Habeas corpus* is not the proper proceeding to try the question of the guilt or innocence of the accused. [Citations omitted.] The burden rests on the defendant to show by competent evidence that he was not a fugitive from the justice of the demanding state "thereby overcoming the presumption to the contrary arising from the face of an extradition warrant."

*Id.* at 188, 38 N.W.2d at 500 (quoting *McNichols v. Pease,* 207 U.S. 100, 109 (1907)). *See also, South Carolina v. Bailey,* 289 U.S. 412, 421 (1933).

In *State ex rel. Kohl,* the record contained conflicting evidence on whether the petitioner in that case was in the demanding state when the alleged crime occurred. The Wisconsin Supreme Court stated that the weight and sufficiency of the evidence was a matter for the

exercise of judgment by the circuit court. *Id.* at 188, 38 N.W.2d at 500.

Relying on the affidavit submitted by the State of Georgia and on the affidavit executed in support of a search warrant for Rodencal's car, the respondent claims that there are facts in the record sufficient to contradict any evidence Rodencal would introduce. Thus, the respondent contends that a "remand of this case to the trial court would serve no useful purpose." We disagree. Rodencal did not ask the court to hear his evidence to determine whether he is guilty or innocent. He asked the trial court to hear the evidence solely for the purpose of determining whether he is a fugitive from justice. The trial court has not heard Rodencal's evidence. That evidence may convince it that Rodencal is not a fugitive from justice. We conclude that under the extradition clause of the U.S. Constitution and the Uniform Criminal Extradition Act, as interpreted by the United States Supreme Court, Rodencal is entitled to present his evidence.

We therefore reverse and remand the cause to the trial court to hold an evidentiary hearing to determine whether Rodencal is a fugitive from justice.

*By the Court.*—Order reversed and cause remanded with directions.